IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA
AT CHATTANOOGA

LUIS HIDALGO, ET AL.,            )
                                 )
    Plaintiffs,            )
                                 )        Case No. 1:11-CV-44
v.                               )        Collier/Carter
                                 )
OHIO SECURITY INSURANCE COMPANY, )
ET AL.,                          )
                                 )
    Defendants.            )

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiffs, residents of Florida, have moved to amend the complaint as follows: (1) to change the allegations and claims asserted pursuant to the Tennessee statutory and case authority; (2) to amend the style to reflect the current parties and to delete all allegations against the non-parties who have been dismissed; and (3) to provide a more concise and definite statement against the remaining defendant. (Doc. 75 at 2). Plaintiffs also seek to amend the ad damnum to add a claim for punitive damages. For the reasons set forth below, the undersigned ORDERS that Plaintiffs' motion be GRANTED in part and DENIED in part.

### II. Background

#### A. Plaintiffs' Allegations

##### 1. The Parties

This matter arises out of a wrongful death action involving a collision between a pedestrian and tractor-trailers which occurred in Tennessee. Plaintiffs are the parents and next of

kin of Elvia Hidalgo, the decedent. Ms. Hidalgo died on June 2, 2010, after being fatally injured when struck by motor vehicles as a pedestrian in Cleveland, Bradley County, Tennessee.

Defendant Delta Express is an Arkansas L.L.C. and is an interstate carrier. (Amended Complaint for Damages and Demand for Jury Trial, ¶ 4). Defendant Delta Express has its principal place of business in West Memphis, Arkansas. (*Id.*).

### 2. Material Facts

Plaintiffs allege Terry Banks operated a 1995 GMC Tractor on behalf of Defendant Delta Express, during the time period relevant to this action. (Am. Compl., ¶ 10). Plaintiffs also contend former defendant Stephen Ross operated a tractor on behalf of former defendant Danny Mason Trucking, Inc, during the time period relevant to this action. (*Id.* at ¶ 14).

According to Plaintiffs, on or about June 2, 2010, Hidalgo was driving her 2000 Ford Mustang automobile in the right lane while southbound on S.R. 60 in Bradley County Tennessee with former defendant Ross traveling in the left lane. (Am. Compl., ¶ 16). Plaintiffs allege as Ross attempted to change lanes he struck a rear panel of the Mustang. (*Id.*). Ross pulled to a stop in the left lane and Hidalgo moved in front of his vehicle. (*Id.*). According to Plaintiffs, this collision "resulted in minor damage to the vehicles with no injuries to the respective drivers." (*Id.* at ¶ 19).

After the first collision, the Mustang and the Ross vehicle were parked in the left lane, which was designed without a shoulder. (Am. Compl., ¶ 19). Plaintiffs allege Ross failed to activate the emergency lights and blinkers on his vehicle and failed to place triangles or cones behind his vehicle to alert oncoming traffic that he and Hidalgo were stopped. (*Id.*). Ross left his vehicle and called Danny Mason Trucking to report the collision. (*Id.* at ¶ 21). Plaintiffs allege

Hildago stood outside, between the Mustang and the Ross vehicle, while she waited for Ross to notify 911 dispatchers. (*Id.*).

Meanwhile, Banks was operating his vehicle southbound on S.R. 60. (Am. Compl., ¶ 22). According to Plaintiffs, Banks was hauling a container which exceeded the permissible weight limits, and he failed to keep his trip logs, as required by Federal Motor Carrier Safety Regulations. (*Id.* at ¶ 22-23). Plaintiffs also allege Banks failed to stop at designated sites to have his vehicle weighed, to have his trip logs inspected, or to have his braking system inspected. (*Id.* at ¶ 24). Further, Plaintiffs contend Banks was physically unfit to operate his vehicle, based on his weight, which exceeded 380 pounds, and his poor health. (*Id.* at ¶ 25).

Plaintiffs allege visibility was clear and S.R. 60 was straight and essentially flat as it approached the site where Hildago and Ross had parked their vehicles. (Am. Compl., ¶ 26.). According to Plaintiffs, Banks took no evasive action to avoid colliding with the vehicles operated by Hildago and Ross. (*Id.* at ¶ 27). Plaintiffs allege Banks was operating his cell phone either to send text messages or to input a telephone number. (*Id.*).

The Banks vehicle struck the Ross vehicle, pushing the Ross vehicle forward fatally striking Hildago and causing the Ross vehicle to jackknife, to cross the right lane of travel, to leave the roadway, and to come to rest on the right side of the roadway. (Am. Compl., ¶ 29.). After pushing the Ross vehicle out of its way, the Banks vehicle drove over Hildago and the Mustang and pushed Hildago and the Mustang more than 200 yards. (*Id.*). Hildago and Banks died as a result of the second collision. (*Id.* at ¶¶ 31, 10).

**B. Procedural History**

On October 27, 2010, Plaintiffs filed this lawsuit in the United States District Court for the Northern District of Georgia. (Doc. No. 1). On January 25, 2011 Defendant Delta Express filed a Motion to Transfer Venue. (Doc. No. 39). Judge Murphy granted this motion and the case was transferred to the Eastern District of Tennessee. (Doc. No. 59 at 66). Subsequently, on May 5, 2011, Plaintiffs filed a Motion for Leave to File Second Amended Complaint and Memorandum of Law. (Doc. No. 75). Defendant Delta Express opposes this motion in its entirety, except the amendment which states a claim for punitive damages. (Doc. No. 78 at 3).

## III. Discussion

In this instance, plaintiffs must obtain leave of Court in order to amend his or her complaint. Fed. R. Civ. P. 15(a). Leave to amend is freely given where justice so requires, but a court may deny leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 752 (6th Cir. 2002); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

**Deletion of Allegations Against Non-parties/Provision of a More Concise and Definite Statement Against the Defendant**

The Defendant argues Plaintiffs' second motion to amend the complaint [Doc. 46] which Judge Murphy denied [Doc. 59 at 35] is substantially similar to the Plaintiffs' motion to amend before this court in that, as in the instant motion, Plaintiffs sought to delete all allegations concerning defendants with whom Plaintiffs had settled. (Judge Murphy's Order at 31-2, Doc.

4

59). Concerning this particular amendment, Judge Murphy stated: "to the extent that Plaintiffs seek permission to delete allegations pertaining to former defendants, such an amendment is not necessary. The Court is capable of determining which allegations pertain to the remaining defendants. (Judge Murphy's Order at 34-5, Doc. 59)

As a ruling by a prior judge presiding in this case, Judge Murphy's ruling constitutes the law of the case. *B.A. Construction & Management v. Knight Enterprises, Inc.*, 2011 WL 1598966, *14 (E.D. Mich. 2011). Under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (*quoting Arizona v. California*, 460 U.S. 605, 618 (1983)). The purpose behind this doctrine is clear. As the Sixth Circuit has noted, the doctrine "precludes a court from reconsideration of issues decided at an early stage of the litigation, either explicitly or by necessary inference from the deposition." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Therefore, the portion of Plaintiffs' amendment which seeks to amend the style to reflect the current parties and to delete all allegations against the non-parties who have been dismissed is DENIED under the law of the case doctrine.

Notwithstanding the law of the case doctrine, the undersigned agrees with Judge Murphy that deleting allegations concerning former defendants is unnecessary. *See Hodges v. Retail Grocery Inventory Service*, 2002 WL 1397173, 1 (W.D.Tenn., 2002) ("the portion of the motion seeking to amend the complaint to delete the defendants who have already been dismissed from the action is unnecessary and is, therefore, denied on this ground"). Furthermore, while Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely as justice requires, Plaintiffs

5

have not given the court any reasons why justice requires the amendments which they seek. Plaintiffs have not merely deleted allegations against former defendants, they have also changed certain material facts in their complaint. In so doing, Plaintiffs have not argued the facts have changed or new evidence has been discovered. Typically, plaintiffs seeking to add facts and allegations argue discovery has presented new evidence and justice requires their amendment. In the instant motion, Plaintiffs have made no such arguments.[1]

### Modification of Allegations and Claims Pursuant to Tennessee Authority

This case was transferred to this court from the Northern District of Georgia. Since Tennessee law now governs this case, the undersigned finds it appropriate that Plaintiffs would seek to amend their complaint pursuant to Tennessee case law and statutory authority. The Court has been presented with no evidence Defendant would be prejudiced in any way if leave to amend is granted and Defendant has not objected to this particular amendment. Accordingly, the Court returns to the basic premise of Fed.R.Civ.P. 15(a) and hereby **GRANTS** Plaintiffs' motion to amend to change the allegations and claims asserted pursuant to the Tennessee statutory and case authority.

---

[1] Counsel are reminded of their duty under Fed. R. Civ. P. 11(b) which states, in relevant part, "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

**Punitive Damages**

Defendant Delta Express does not object to Plaintiffs amending their ad damnum to seek

punitive damages. Therefore, the undersigned **GRANTS** Plaintiffs' motion to amend the ad

damnum to add a claim for punitive damages.

### IV. Conclusion

For the reasons stated herein, it is ORDERED that Plaintiffs' motion to amend the style to

reflect the current parties and to delete all allegations against the non-parties that have been

dismissed be DENIED with prejudice. It is further ORDERED that Plaintiffs' motions to amend

their complaint to change the allegations and claims asserted pursuant to the Tennessee statutory

and case authority, to provide a more concise and definite statement against the remaining

defendant, and to amend the ad damnum to add a claim for punitive damages be GRANTED.

ENTER:

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE